CHICAGO—FIRST DISTRICT—MAY, 1917.     453

Van Zandt v. Metropolitan West Side El. Ry. Co., 205 Ill. App. 453.

## Emma Van Zandt, Appellee, v. Metropolitan West Side Elevated Railway Company, Appellant.

### Gen. No. 22,429.     (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed May 1, 1917.

### Statement of the Case.

Action by Emma Van Zandt, plaintiff, against the Metropolitan West Side Elevated Railway Company, defendant, to recover for injuries alleged to be due to a part of the metal fixture to one of the ventilators in a car falling on plaintiff while riding as a passenger in such car. From a judgment for plaintiff, defendant appeals.

ADDISON L. GARDNER and ERWIN W. ROEMER, for appellant.

EARL J. WALKER, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 459*—*when burden of proving negligence in making inspection of equipment of car is upon plaintiff.* In an action by a passenger to recover for injuries received by a falling object in the car, which she charged was the result of failure to use ordinary care in inspecting the equipment and appliances of the car, *held* that the burden of proving such claim rested with the plaintiff.

2. CARRIERS, § 476*—*when evidence is insufficient to sustain verdict for plaintiff for injury alleged to be due to falling object.* In

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

an action by a passenger against a carrier for injuries sustained as the result of being struck by a falling object while plaintiff sat in a car, where plaintiff's theory was that the object was part of the metal fixture or arm to one of the ventilators inside and near the top of the side of the car, and the defendant's theory was that it came from outside the car, and the object was never found, plaintiff's witness claiming that one of the arms that stuck out of the ventilator was gone and that she saw it on the seat right after it fell, and the conductor claiming that he failed to find the object in his search made immediately afterwards, and but one witness testified on each side to seeing the object, while defendant's witness stated that it passed swiftly by his face from an open window and towards plaintiff, and plaintiff's witness testified that she saw the object pass the man's head and that it came from a distance, and plaintiff's witness had testified at a former trial that she could not tell just what it was that struck plaintiff and did not know where it came from, *held* that the verdict in favor of plaintiff was not only manifestly against the weight of the evidence, but that the preponderance was in favor of the defendant.

## Bass Foundry & Machine Company, Appellee, v. Sulzberger & Sons Company, Appellant.

### Gen. No. 22,315.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed May 1, 1917. Rehearing denied May 10, 1917.

### Statement of the Case.

Action by the Bass Foundry & Machine Company, plaintiff, against Sulzberger & Sons Company, defendant, to recover the contract price of two water heaters. From a judgment for plaintiff, defendant appeals.